DECISION
The matter before the Court is the defendant Troy Lassiter's Motion for a New Trial on the grounds of newly discovered evidence. Mr. Lassiter was found guilty by a jury of the crimes of murder in the first degree, conspiracy and assault with intent to commit murder.
The defendant filed a Motion for a New Trial, which motion was denied by the trial justice on December 4, 1998, and on January 8, 1999, the trial justice, Mr. Justice Needham, sentenced the defendant to life in prison for the crime of murder; ten years to serve for the crime of conspiracy and twenty years to serve for the crime of assault with intent to commit murder, all sentences to be served concurrent with each other. The defendant has appealed to the Supreme Court.
On July 24, 2000, the defendant filed a Motion for a New Trial on the grounds of newly discovered evidence. Because the trial justice had died, the Motion was assigned to me for hearing.
Numerous conferences with counsel for the State and the defendant were held in an effort to investigate the complaints of the defendant that he was unjustly convicted. Finally, on August 8, 2001, the matter was assigned for hearing. On that date the defendant called Carol Robinson as a witness. In summary, she testified that Bucky Williams, who at trial identified the defendant as one to the shooters, was not telling the truth. Specifically, she testified that shortly after David Andrews was murdered she, at the request of Tajah Manning, went to Lockwood Plaza, the scene of the crime, and she first saw Bucky, whom she knew, in the middle of the street crying. She testified that on more than one occasion that night she heard Bucky say that he did not know Troy Lassiter and that he did not even know what Troy Lassiter looked like. The defendant argues this testimony is critical because, in essence, it contradicts what Bucky told the police and told the jury that it was the defendant, Troy Lassiter, who shot David Andrews. It is important to note that at trial Bucky testified that he grew up with the defendant at the Hartford Projects and knew him for approximately ten years (pg. 63 of transcript).
The defendant requested and the Court granted him a continuance in order to present the testimony of Tayah Manning. On August 22, 2001, Mr. Manning testified that, in pertinent part, he was present at the time of the shooting, that he saw the vehicle from which the shots were fired and that the defendant, Troy Lassiter, was not in the vehicle.
"When a motion for a new trial is based on newly discovered evidence, the evidence must satisfy a two-pronged test." State v. Hernandez,641 A.2d 62, 72 (R.I. 1994). The first prong is a four-part inquiry that requires that the evidence by (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon with it is admissible, (4) of the type which would probably change the verdict at trial. Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is "credible enough to warrant a new trial."
Applying that standard to the evidence presented, I find that Carol Robinson's testimony, even if believed, does not qualify as newly discovered evidence upon which a new trial should be granted. Specifically, her testimony, if believed, merely impeaches the trial testimony of Bucky Williams, who said that he knew the defendant for about ten years. Bucky testified at trial why he was first reluctant to talk to the police and tell them who he observed shoot Andrews. Certainly, the identification of one of the shooters is critical. Bucky was able to convince the jury and the trial justice that he was truthful when he identified the shooter even after being cross-examined, thoroughly, about his drug dealing that night, his past criminal history, his powers of observation, his knowledge of the accused and his reluctance to tell the police what he knew when first questioned. Carol's testimony is merely impeaching and, in my opinion, after reviewing the trial testimony of Bucky, at the request of defense counsel, would not have changed the verdict. Thus, Carol's testimony, even if believed, does not support the granting of a new trial.
Tajah Manning, age 24, testified that he remembered the night of the killing "somewhat". He said he was on a bike and saw the vehicle from which the shots were fired. He saw four black youths in the car. Although he was not able to recognize anyone in the vehicle, he was certain the defendant, Troy Lassiter, was not among them. He testified on direct examination that he never told anybody, including Providence Detective Muir, about what he saw. Indeed, he said Detective Muir came to see him once or twice before the Lassiter trial and Tajah stated "I have nothing to say". On cross-examination he acknowledged he had been convicted of ADW, delivery of narcotics and attempted murder and was then serving four years in prison. He stated that he knew the defendant since 1994 and that even while both were confined in ACI, he never talked to Troy about the case. I find this testimony difficult to believe. Based on his record of convictions, his demeanor on the witness stand and the improbability of his testimony, I do not find Tajah Manning to be a credible witness.
For the reasons stated, the defendant's Motion for a New Trial on the grounds of newly-discovered evidence is denied.